King, J.,
(orally).
This ease is submitted to the court 011 a demurrer to the answer. The petition alleges that in April, 1894, a person was elected treasurer of Allen Township, of this county, for a full term of two years, to commence on the 1st day of September, 1894, and further alleges that the person so elected failed to qualify, and thereupon the trustees of that township appointed the defendant to fill the vacancy that was created by the failure of the person elected to accept the office, and that the trustees undertook to appoint the defendant for the full term of two years; that at the April election, 1895, the relator was elected treasurer for said township, claiming the office for the unexpired term, which would result and exist on account of the appointment of the defendant, which, as the petition claims, was until September 1st, 1896. And therefore the relator claims that he should be placed in possession of the office.
An investigation of the law upon that subject discloses the fact that the legislature does not seem to have been very clear in its legislation, and it is not to be wondered at that people who do not follow legislation or law closely would be badly confused upon this subject.
In 1885 the people adopted an amendment to the constitution of the state, which authorized the legislature to provide for the election of township officers in such manner and for a term not to exceed three years as they deem best. In 1886 the legislature provided for the election of certain township officers — three trustees, one .township treasurer and one township clerk. They provided that the trustees should hold office for three years, township treasurer and clerk one year. In 1888 that statute, being section 1488, • Rev. Stat., was repealed and amended, and retained-the provision which refers to township trustees, but provided .'that-the treasurer and clerk should be elected for two years; • and-provides further ‘ ‘ that at the next annual election after the *330 passage of this act, and at the first election of apy new township, a treasurer shall be elected for one year, and a clerk for two years, and thereafter a township treasurer anil clerk shall not be elected at the same annual election. ” That law was passed and took effect on its passage, .which was the 30th of March, 1888, following which provisions of that statute a treasurer would be elected on the first Monday of April following that date for the term of one year, and a clerk for the term of two years. This statute also provided that the treasurer should take his office on the first Monday in September following his election, so that the treasurer elected at the April election,! 888, would enter into his office on the first Monday of September following his election, and hold his office until the first day of September, 1889, when his successor, elected at the April election in 1889, would hold the office for two years, and thereafter the officer would hold the office for two years, and if that statute had not been disturbed, his term of office expired on the first day of September, 1895, and if that statute was still in force, then the term of office of the person elected to fill the vacancy would expire on the first day of September, 1895, and not as argued on the first day of September, 1896. But to go a little further, in 1890, section 1448 as amended March, 1888, was repealed and amended, and the effect of that was to re-adopt all the provisions of section 1448 in exactly the same words, with this addition: “provided, however, that in case of a vacancy in the office of either clerk or treasurer, his successor shall be elected for the unexpired term, at the next annual election thereafter, occurring more than thirty days after such vacancy shall hap-. pen.” That enactment was passed by the legislature on March. 26, 1890, and took effect on the day of its passage, and it repealed section 1448, as amended March 30, 1888, wiping that from the statute books. The provisions of the section which I have just read indicate that an appointee to fill the vacancy of the office of treasurer shall only hold said *331 appointment until the next annual election thereafter, and if that section is still in force, then the claim of the plaintiff is well taken.
I should say in this connection that this statute was passed in March, 1890, preceding the annual election, that it provides “that at the next annual election after the passage of this act, and at the first election of any new township, a treasurer shall be elected for one year, and a clerk for two years, and thereafter a township treasurer and clerk shall not be elected at the same annual election, etc.”
March 7, 1892, the legislature again amended section 1448, in respects not here material. In the section thus enacted they retained the provision in the same language as in The section adopted in 1888, relating to the election of a treasurer, as follows:
“At the next annual election after the passage of this act, and at the first election of any new township, a treasurer shall be elected for one year, and a clerk for two years, and thereafter a township treasurer and clerk shall not be elected at the same annual election.”
Also it contained the provision that in case of a vacancy in these offices, the successor should be elected for the unexpired term. This enactment repealed section 1448 'as amended March 30, 1888. It did not repeal this statute as amended March 26, 1890.
April 6, 1893, the legislature again enacted section 1484. The amendments that it made or attempted to make are not material to this discussion, but it retained the provision above quoted, relating to the election of a township treasurer at the next annual election after the passage of the act who should hold his office for one year, and his term thereafter should be two years, but dropped out of it the provision relating to a vacancy. This enactment repealed section 1448, as amended March 30, 1888, but did not repeal the enactment of 1892, nor that of 1890 in expressed terms.
These references indicate the loose matter in which a *332 great deal of important legislation comes upon our statute books. The intention of the legislature in 1888, as clearly-expressed in the enactment of that year, is that thedreasurer and clerk shall be elected on alternate years. It was the first provision of that kind that had ever been upon .our statute books, and hence it was proper to say in the law, that át the first election after the passage of the act, -the treasurer should be elected for one year and the clerk for two years, and thereafter, they should be elected on alternate years and hold office for two years.
But it is obvious that when that statute came to be repealed and another supplied, that the provision as to the next election was no longer necessary. The election of these officers in alternate- years, having been providfed for and established, it was not necessary that that provision should be carried in the statute any longer, except as to new townships. The last enactment above referred to, that of 18-93, was passed April 6th. As a matter of fact, that day was after the election of that year, and hence it could not go into effect or force until the annual election in 1894, and if strictly construed according to its terms, it provided for the election of a treasurer at the April election, 1894, to hold office for one year, and thereafter that he be elected to hold office for two years. That changed the alternation as provided in the act of 1888, and in effect legislated out of office the treasurer elected in 1893, who took his office September 1, 1839, to hold for the term of two years. That was also the effect of the legislation in 1892, and likewise in 1890.
If that construction was adopted, the relator in this case would be entitled to his office, either under the provisions of this section, as passed in 1890 and 1892, standing unrepealed, or under the provisions of sec. 11 of the Revised Statutes, and which latter section, we hold, covers this case, if sec. 1448 did not. But we are not disposed to stop -with this construction of the statute.
*333 It is clear from a reading of these different enactments that the legislature had intended’ at these various times to amend sec. 1448, in reference to matters not at all pertinent to the question here involved, and by inadvertence they have retained in this enactment the language of the original amended sec. 1448, passed in 1888, and have npt intended to change the time of the election of the county treasurer, or to legislate out of office any of those officers filling the same. We think, therefore, that the term of the election of the township treasurer has not been changed since the act of 1888.
Following out the provisions of that statute, we find thafi a treasurer should have been elected at the April election, 1888, for the term of one year, to take his office on the first Monday of September, 1888. His term of office would therefore expire on that day of 1889, and his successor should have been elected at the April election, 1889, and for a full term of two years. His term of office would expire in September, 1891, and the term of office of his successor would expire in Spetember, 1893, and the term of office of his successor would expire in September, 1895. The person elected in 1894 was not according to this reasoning properly elected, but it seems that the election has been treated on all hands as valid; the incumbent of the office at that time, it seems, vacated it, and thereby would have created a vacancy, had one not otherwise existed. The appointment by the trustees was regularly made, yet that part of their appointment which undertook to appoint the defendant for the term of two years was and is irregular. They could not appoint for a longer time than a vacancy existed, and, as we have already seen, a vacancy could exist only until a successor was elected and qualified, which should be at the next annual election thereafter occurring more than thirty days after the vacancy happened; and hence, the relator having been chosen by the qualified voters of the township to fill *334 that vacancy, is entitled to the office, and he is entitled to. hold it for the balance of the term, and the term, as we have already seen, expires September 1, 1895, at which time a treasurer, who should have been elected at the April election, 1895, will be entitled to hold the office for the term of two. years thereafter.
G. I. TqvJc, for relator; T. M. Ritchie, for respondent.
We have made this opinion thus explicit, because of the. evident confusion in the language of these various enactments.
The judgment will therefore be in favor of the relator,, and against the defendant, ousting him from the office he now holds.